IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**KENNY COFFEY**                                                                                                 **PLAINTIFF**
**ADC #86434**

**VS.**                        **CASE NO. 2:15CV00157 JLH/PSH**

**RORY GRIFFIN**, *et al.*                                                                      **DEFENDANTS**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Kenny Coffey, an inmate at the Ouachita River Unit of the Arkansas Department of Correction ("ADC"), initiated this lawsuit by filing a *pro se* complaint and an application to proceed *in forma pauperis* ("IFP") on September 28, 2015. Coffey alleges that defendants have been and are deliberately indifferent to his serious medical needs. Doc. Nos. 2, 4, 6. On November 16, 2015, the Court granted Coffey's IFP application. *See* Doc. No. 5. On January 5, 2016, the Court ordered service of Coffey's amended complaint and motion for preliminary injunction on the defendants. *See* Doc. No. 7. Litigation in the case ensued. The Court denied Coffey's request for a preliminary injunction (*see* Doc. Nos. 33, 36); denied the defendants Wendy Kelley and Rory

Griffin's motion for judgment on the pleadings (*see* Doc. Nos. 48-49); and granted partial summary judgment in favor of defendants Correct Care Solutions, LLC ("CCS"), Robert Stieve, Dr. Steven Floss, Dr. Brett Butler, Tammy Kimble, Kelley, and Griffin (*see* Doc. Nos. 59, 61). Claims against defendants Kelley, Stieve, and Kimble were dismissed, and only those exhausted claims against Griffin, CCS, Floss, and Butler identified in the Court's recommendation were allowed to proceed. *See* Doc. No. 59. The claims allowed to proceed were based on grievances dating from August 12, 2014 to June 14, 2015. *Id.* at 6-10.

On March 3, 2017, defendants CCS, Floss, Butler, and Amy Rowland filed a motion to revoke Coffey's IFP status, asserting that he is a three-striker within the meaning of the Prison Litigation Reform Act ("PLRA") and is therefore not able to proceed IFP in federal court unless he was in imminent danger of serious physical injury when he filed his complaint. *See* Doc. No. 63-64. Defendant Griffin also filed a motion to revoke Coffey's IFP status on March 2, 2017. Doc. No. 66. On April 17, 2017, the Court gave Coffey up to, and including, May 2, 2017, to file a response to the motions to vacate. Doc. No. 69. Coffey has not filed a response.

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Defendants identify four cases brought by Coffey in the U.S. District Court, Eastern District of Arkansas, which were dismissed for failure to state a claim and therefore constitute "strikes" for purposes of the PLRA. Records in the office of the Clerk of Court for the Eastern District of Arkansas confirm that Coffey's complaints were dismissed for failure to state a claim in the following cases: *Coffey v. Reed, et al.*, No. 5:88-cv-00093-SMR; *Coffey v. Sammons*, No. 3:01-cv-00146-SMR; *Coffey v. Hobbs, et al.*, No. 2:11-cv-00172-BSM; and *Coffey v. Hobbs, et al.*, No. 3:14-cv-00292-JM.

As a three-striker, Coffey must show that he was in imminent danger of serious physical injury at the time he filed the complaint (*i.e.*, September 2015). 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (holding that the imminent danger exception did not apply when a prisoner was forced to work outside in extreme weather conditions that did not result in any serious physical injuries). *See also Ashley*, 147 F.3d at 717 (holding that the imminent danger exception applied when prison officials continued to place a prisoner near his enemies who had previously stabbed him); *McAlphin v. Toney,* 281 F.3d 709, 710-11 (8th Cir. 2002) (holding that the imminent danger exception applied where inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions).

Coffey, who was 60 years old when he filed this lawsuit, claims he has osteoarthritis in his hip and knee which causes him severe pain. He states his condition requires hip and knee replacement surgery and claims that defendant CCS, which contracts to provide health care to ADC inmates, will not authorize the surgery until he is 65 years old. As a result, Coffey asserts

3

that he must regularly take medication to manage his chronic pain. In his Complaint, Coffey alleges that in August 2014, his medication was not timely refilled, and he went five days with no pain medication. He alleges the lack of pain medication caused him to fall and suffer a head injury requiring six stitches. On November 16, 2015, Coffey moved for a preliminary injunction. Doc. No. 4. In that motion, he claimed that in August 2015, the defendants did not provide him with pain medication and he fell again, fracturing his arm and busting his head open. The Court denied his motion for injunctive relief and found that medical records showed he was currently prescribed pain medication. *See* Doc. No. 33 at 2. The Court also found:

> Although plaintiff contends his pain is severe because he is denied hip replacement surgery, February 4, 2016, radiological reports revealed only mild osteoarthritis of the left hip, and modest osteoarthritis of the right hip (docket entry 29-1, pages 5-6). Plaintiff has been provided a knee brace (Doc. No. 15-1, page 19). Finally, plaintiff has provided no medical opinion to demonstrate the course of treatment he demands is warranted. Plaintiff has therefore failed to meet his burden to prove an injunction should be issued, and his motion should be denied.

*Id.* (recommendation adopted by Judge Holmes, Doc. No. 36). In an amended complaint filed November 27, 2015, Coffey stated he had fallen numerous times due to inadequate pain medication. Doc. No. 6.

Even if Coffey made sufficient allegations that he was in imminent danger of serious physical injury at the time he filed his complaint in September 2015, he could only proceed with those claims directly relating to his alleged imminent danger without paying the full filing fee. Accordingly, his claims regarding his medical treatment prior to the time he filed the complaint must be severed from his imminent danger claims; for instance, his lack of pain medication for five days in 2014 does not show that he was in imminent danger when he filed this complaint in September 2015. If he intends to pursue those claims, he must pay the full filing fee.

4

Further, the Court finds Coffey has not alleged sufficient facts to show he was in imminent danger at the time he filed his complaint. Although Coffey alleged that he failed to receive pain medication in August 2015 and fell as a result, the Court previously determined that Coffey was receiving his medication at the time he filed the lawsuit based on medical records submitted in response to his motion for a preliminary injunction. *See* Doc. No. 33 at 2. Additionally, the Court reviewed all grievances filed by Coffey from June 11, 2014, through September 28, 2015, in ruling on the defendants' motions for summary judgment on the issue of exhaustion. Coffey's grievances relating to his lack of pain medication were dated from August 12, 2014 to June 14, 2015. *Id.* at 6-10. Coffey's failure to grieve any issues relating to his medication between June 14, 2015 and the time he filed this lawsuit in September 2015 is consistent with his medical records showing he was in fact receiving pain medication. Accordingly, he has not alleged sufficient facts to show that he was in imminent danger of serious physical injury when he filed this lawsuit; accordingly, his *in forma pauperis* status should be revoked and his complaint dismissed.

IT IS THEREFORE RECOMMENDED:

1. Defendants' motions to revoke Coffey's *in forma pauperis* status (Doc. Nos. 63 & 66) be GRANTED, and this case be DISMISSED WITHOUT PREJUDICE.

2. Coffey be given thirty days to reopen the case by paying the $400 filing fee in full[1] and filing a Motion to Reopen.

Dated this 5th day of June, 2017.

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court finds no basis for granting defendants' additional request that Coffey pay the United States Marshal's Service for the costs they incurred executing service in this case.